IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GREGORY LYNN GALES,**

        **Petitioner,**

    v.            CASE NO. 07-3282-SAC

**PAUL MORRISON, et al.,**

        **Respondents.**

**O R D E R**

  Petitioner proceeds pro se on a petition for writ of habeas corpus under 28 U.S.C. § 2254. Having reviewed the record, the court finds this action is subject to being summarily dismissed as time barred.

  As amended by the Antiterrorism and Effective Death Penalty Act (AEDPA) in 1996, a one year limitation period applies to habeas corpus petitions filed by prisoners confined pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The running of that one year limitation period is subject to tolling if petitioner pursues state post-conviction relief or other collateral review. See 28 U.S.C. § 2244(d)(2)(running of limitations period is tolled while properly filed state post-conviction proceeding and appeal therefrom is pending).

  Applying these statutes to the dates provided by petitioner in his application, the court finds this matter is subject to being dismissed because the application is time barred. *See* <u>Jackson v. Sec. for Dept. of Corrections</u>, 292 F.3d 1347 (11th Cir. 2002)(joining other circuits in holding that district court has

discretion to review sua sponte the timeliness of a 2254 petition even though the statute of limitations is an affirmative defense).

Petitioner's conviction for second degree murder and arson became final on June 1, 2004 for the purpose of starting the one year limitation period in 28 U.S.C. § 2244(d)(1). Approximately three months later petitioner filed a habeas corpus petition under 28 U.S.C. § 2254 in the District of Kansas. *See* Gales v. Bruce, D.Kan. Case No. 04-3300-SAC. This court denied that petition without prejudice on September 30, 2004, finding petitioner asserted claims that were not included in his state direct appeal, and finding petitioner had not yet sought post-conviction relief to exhaust state court remedies on his claims. The court further cautioned petitioner of the one year limitation period imposed by 28 U.S.C. § 2244(d), and advised petitioner that his federal habeas petition had no tolling effect on the running of that statutory limitation period.

At that time, petitioner had until June 1, 2005, to toll the running of the limitation period by filing a post-conviction action in the state courts. Instead, petitioner filed an appeal from the dismissal of his federal habeas petition. Significantly, the limitation period in 28 U.S.C. § 2254 expired prior to the dismissal of his federal appeal when the Tenth Circuit Court of Appeals denied a certificate of appealability on June 23, 2005.

Thereafter, petitioner filed a complaint under 42 U.S.C. § 1983 in federal court, seeking damages and his release from confinement. *See* Gales v. Meeks, D.Kan. Case No. 05-3321-SAC (dismissed without

prejudice August 11, 2005)(appeal dismissed April 3, 2006).[1]

Petitioner did not file a post-conviction motion under K.S.A. 60-1507 in the state courts until January 13, 2006.  The state district court denied relief on July 5, 2006.  On August 8, 2007, the Kansas Court of Appeals affirmed that decision, and the Kansas Supreme Court denied further review on November 6, 2007.

Petitioner's instant action, filed approximately eight days later, is clearly time barred.  The one year limitation period for seeking relief in federal court, or for stopping the running of federal limitation period by pursuing post-conviction relief in the state courts, expired more than two years earlier in June 2005. Neither petitioner's filings in federal court, nor his post-conviction motion filed in January 2006, had any tolling effect under 28 U.S.C. § 2244(d)(2) on the one year federal limitation period.  *See* Duncan v. Walker, 533 U.S. 167, 181-82 (2001)(AEDPA provision for tolling limitation period during pendency of a properly filed application for State post-conviction or other collateral review does not toll the limitation period during the pendency of a federal habeas petition or appeals therefrom); Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001)(application for state post-conviction relief filed after expiration of one-year limitations period has no tolling effect), *cert. denied*, 535 U.S. 1034 (2002).

Because the court finds nothing in the record to suggest any

---

[1]Petitioner filed a second complaint under 42 U.S.C. § 1983 on November 29, 2006, which this court dismissed without prejudice. *See* Gales v. Gatterman, D.Kan. Case No. 06-3330-SAC (dismissed without prejudice January 12, 2007)(10th Cir. affirmed, June 11, 2007).

basis for equitable tolling of the one year limitation period under 28 U.S.C. § 2241, petitioner is directed to show cause why the petition should not be dismissed as time barred.  Petitioner's motions for his immediate release are denied.

IT IS THEREFORE ORDERED that petitioner is granted twenty (20) days to show cause why his petition for writ of habeas corpus should not be dismissed as time barred.

IT IS FURTHER ORDERED that petitioner's motions for immediate or expedited release (Docs. 2 and 4) are denied.

**IT IS SO ORDERED.**

DATED:  This 18th day of January 2008 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge