IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GREGORY LYNN GALES,**

                    **Petitioner,**

       **v.**                                   **CASE NO. 07-3282-SAC**

**PAUL MORRISON, et al.,**

                    **Respondents.**

**O R D E R**

Petitioner proceeds pro se on a petition for writ of habeas corpus under 28 U.S.C. § 2254. The court examined the record and directed petitioner to show cause why the petition should not be summarily dismissed as not filed within the one year limitation period imposed by 28 U.S.C. § 2244(d)(1). Having reviewed petitioner's response, the court dismisses the petition as time barred.

As set forth in the show cause order issued to petitioner, the one year limitation period for seeking habeas corpus relief in federal court expired in June 2005, one year after petitioner's state conviction on charges of second degree murder and arson became final pursuant to 28 U.S.C. § 2244(d)(1)(A). Before that expiration date, petitioner filed a timely habeas petition under 28 U.S.C. § 2254. <u>Gales v. Bruce</u>, Case No. 04-3300-SAC (filed September 15, 2004). This court dismissed that action without prejudice on September 30, 2004, based upon petitioner's failure to exhaust state court remedies on all claims asserted in that petition, and advised petitioner regarding the § 2244(d)(1) limitation period. Petitioner

sought appellate review of that final order and judgment, but the Tenth Circuit Court of Appeals denied petitioner a certificate of appealability for an appeal. While petitioner's federal appeal was pending, the one year limitation period under § 2244(d)(1) expired. In January 2006, petitioner sought post-conviction review in the state courts. After obtaining no relief in that state action, petitioner filed the instant petition in federal court.

In response to the court's directive to show cause why the instant petition should not be dismissed as time barred, petitioner adamantly asserts error by this court in dismissing petitioner's earlier habeas petition without first obtaining and reviewing the state court record. Petitioner further asserts the state courts entertained his state post-conviction action without a time bar, thus the federal courts must do so as well.

These assertions lack legal merit and provide no basis for excusing petitioner's untimely filing of the instant habeas petition. The limitation period imposed by 28 U.S.C. § 2244(d)(1), effective April 24, 1996, for seeking habeas corpus relief in a federal court is separate and independent from the state limitation period imposed by K.S.A. 60-1507(f), effective July 1, 2003, for seeking post-conviction review in the state courts. The United States Supreme Court has clearly stated that statutory tolling of the federal limitation period, as provided in 28 U.S.C. § 2244(d)(2), is not activated by a petitioner's filing of habeas petition in federal court. <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001).

Petitioner also maintains this court erred in dismissing the petition where respondents had not argued for dismissal of the

petition as an abuse of the writ and as time barred. However, a federal court is clearly permitted to review *sua sponte* and decide the timeliness of a habeas petition filed under 28 U.S.C. § 2254. *See* Day v. McDonough, 547 U.S. 198 (2006)(district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition).

Finally, petitioner asserts he is entitled to the one year federal limitation period running from his discovery of information in an August 2005 letter from the Edwards County clerk's office about evidence in his criminal trial. The court disagrees.

Section 2244(d) provides that the one year period for a state prisoner seeking habeas relief in a federal court runs from the latest of four dates which include "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Petitioner thus appears to argue that he had one year from his discovery of this new evidence to file his habeas petition under 28 U.S.C. § 2254, with tolling of that limitation period under 28 U.S.C. § 2244(d)(2) by his filing of a post-conviction motion in the state courts in January 2006. This argument fails because there is no factual support for any finding of due diligence in petitioner's discovery of evidence he claims as a factual predicate to his claims for federal habeas relief.

The court thus concludes the petition should be dismissed as time barred.

Petitioner's motion for relief (Doc. 7), specifically his immediate release from custody, is denied. The court also denies petitioner's motion for recusal of the undersigned judge (see

3

"Declaration of Prejudice," Doc. 10) because petitioner's allegations suggest no personal bias or prejudice on the part of this court against petitioner, and petitioner's complaints about this court's prior rulings in petitioner's cases is not sufficient to warrant reassignment of this matter to another judge. *See* Green v. Branson, 108 F.3d 1296, 1305 (10th Cir. 1997).

IT IS FURTHER ORDERED that petitioner's motion for relief (Doc. 7), and motion for recusal (Doc. 10), are denied.

IT IS FURTHER ORDERED that the petition is dismissed as time barred.

**IT IS SO ORDERED.**

DATED:  This 1st day of May 2008 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge